UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PETER R. PASKEWICZ,**

    **Plaintiff,**

**V.**	                                          **Case No:  2:11-CV-682-FtM-SPC**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

_____/

## ORDER

This matter comes before the Court on The Plaintiff, Peter R. Paskewicz's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. #21) filed on May 8, 2012.  The Defendant Commissioner of Social Security was consulted with prior to the filing of this Motion and the Commissioner does not oppose the requested attorney's fee.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, February 24, 2012, the Court remanded the matter to the Commissioner of Social Security (Doc. # 16) under sentence four of 42 U.S.C. § 405(g). Judgment was entered on March 9, 2012, (Doc. # 20).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2

million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985). In this case, Plaintiff seeks an hourly rate of $178.53 per hour for Attorney Jonas H. Kushner. The Court finds that $178.53 per hour is a reasonable rate for the Fort Myers, Florida region given the increase in the cost of living since the EAJA was enacted in 1996.

The Plaintiff seeks 7.4 hours for Attorney Kushner. After reviewing the record of services provided, the Court concludes that the 7.4 hours expended on this case is reasonable.

The Plaintiff seeks a total of $1,321.12 in fees and no cost. The Defendant has reviewed the petition for attorney's fees and cost and does not object to the fees. Thus, the Court finds the attorney's fees of $1,321.12 for the work performed by Attorney Jonas H. Kushner is reasonable and due to be paid.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Peter R. Paskewicz's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. #21) is **GRANTED**. The Plaintiff's Attorney Jonas H. Kushner is awarded **$1,321.12** in attorney's fees.

**DONE and ORDERED** in Fort Myers, Florida this 9th Day of May, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record