UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER R. PASKEWICZ,

    Plaintiff,

v.                         Case No:   2:11-cv-682-FtM-38

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Counsel for the Plaintiff's Motion for Attorney's Fees (Doc. #23) filed on December 10, 2013. Plaintiff Peter Paskewicz and Defendant Commissioner of Social Security have not filed any response in opposition.

Plaintiff in this matter sought judicial review of the Commissioner's denial of Social Security benefits. On February 24, 2012, this Court remanded the matter to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g). (Doc. #16). Thereafter, judgment was entered on March 9, 2012. (Doc. #20). Counsel for Plaintiff, Attorney Jonas Kushner, sought attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter "EAJA"). (Doc. #21). This motion was granted and Attorney Kushner was awarded $1,321.12 in attorney's fees. (Doc. #22). Now, Attorney

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Kushner is seeking attorney's fees pursuant to his contingency fee agreement with Plaintiff and 42 U.S.C. § 406(b).

Section 406(b) permits an attorney representing a claimant for Social Security benefits to enter into a contingency fee arrangement as an alternative to hourly fee arrangements. Contingency fee agreements are not precluded by 42 US.C. § 406(b), as long as the percentage to be paid in fees is equal to or less than twenty-five percent (25%) of the Plaintiff's recovery. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (citing 42 U.S.C. § 406(b)(1)(A)). The attorney fee is paid out of the judgment and not in addition to the amount of the past due benefits. Id. A contingency fee agreement is not automatically approved by a court. Instead, courts review such agreements to assure they yield reasonable results. Id. at 807.

Moreover, attorneys are permitted to make fee requests pursuant to both the EAJA and Section 406(b). Jackson v. Commissioner of Social Security, 601 F.3d 1268 (11th Cir. 2010). If an attorney is awarded a fee pursuant to the EAJA first, then the attorney may then offset the earlier award by making a corresponding reduction to his Section 406(b) fee request. Id. at 1269. An attorney cannot accept both awards of attorney's fees. Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985) ("Section 406(b) provides for the discretionary award of attorneys' fees out of (and not in addition to) the past-due benefits recovered by a successful claimant in a Social Security action."). Instead, an attorney must either return the smaller award or effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent Section 406(b) award. Paltan v. Commissioner of Social Sec., 518 Fed. Appx. 673, 674-75 (11th Cir. 2013).

As mentioned previously, Attorney Kushner received $1321.12 in attorney fees pursuant to the EAJA. Now, Attorney Kushner seeks to receive $6,821.00 because this amount is 25 percent of the past-due Social Security disability benefits paid on Plaintiff's account. Attorney Kushner seeks this latter amount pursuant to Section 402(b). The record reveals Attorney Kushner and Plaintiff entered into a contingency fee agreement. (Doc. #23, at 6). This contingency fee agreement states in pertinent part, "the attorney fee will be the lesser of twenty-five percent (25%) of all past due benefits awarded to my family and me or $6,000.00." (Doc. #23, at 6). Therefore, the plain language of this contract indicates Attorney Kushner and Plaintiff validly contracted that the attorney fees would maximally be $6,000.00. Yet in this instant motion, Attorney Kushner seeks an amount in excess of the agreed amount. Consequently, if the attorney receives his requested fee amount, then this would go directly against the plain language of the contingency fee agreement. Attorney Kushner does not provide an argument or cite to relevant case law to support his request of receiving a fee in excess of the contract. Plaintiff's consent at this time is inapposite without further consideration. Accordingly, the Court will not grant the request of attorney's fees in the amount of $6,821.00 but will grant attorney's fees in the amount of $6,000.00 pursuant to the plain language of the contingency fee agreement so long as this amount is reasonable in light of the facts and circumstances in this matter.

Attorney Kushner contends he spent 30.5 hours representing Plaintiff before the Social Security administration. (Doc. #23, at 3). He has provided an itemized list of the time spent on Plaintiff's matter to support this contention. (Doc. #23, at 16-20). Pursuant the contingency agreement, Attorney Kushner will receive $196.72 per hour. The instant

3

motion does not indicate counsel's normal hourly fee. The Court, however, finds this hourly amount to be reasonable in light of the circumstances and Gisbrecht standard. See generally, Gisbrecht, 535 U.S. 789. For example, this Court finds counsel conducted himself efficiently and without delay. This $6,000.00 amount is also reasonable in light of the 25 percent statutory limit. McKee v. Commissioner of Social Sec., No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *6 (M.D. Fla. Sept. 30, 2008).

In addition, the law is clear that an attorney cannot keep both an award of fees pursuant to the EAJA and Section 402(b). Attorney Kushner has agreed to refund the EAJA attorney fees awarded in the sum of $1,321.12. (Doc. #23, at 3). Attorneys in matters like this are given the choice to refund or offset the costs, and here the Court respects Attorney Kushner's wish to refund the EAJA award of fees.

Accordingly, it is now

**ORDERED:**

Motion for Attorney's Fees (Doc. #23) is **GRANTED in part**. Attorney Kushner shall receive $6,000.00 in attorney's fees pursuant to Section 402(b). Attorney Kushner shall refund the $1,321.12 fee received pursuant to the EAJA.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record